SCOW NUMBER FOUR, The.   See Case No. 7,192.

# Case No. 12,554.

## SCOW WITHOUT A NAME.

[7 Ben. 384.] [1]

District Court, E. D. New York.   July, 1874.

### COLLISION AT PIER—NEGLIGENCE.

A scow, loaded with a deck-load of stone, was moored alongside a sloop at a pier. She took a lurch towards the sloop and cast off a small part of her load, then took a more violent lurch outward and dumped the whole of it, and rebounding violently, fell on the sloop and injured her. The owner of the sloop filed a libel against the scow to recover the damages, claiming that the rolling of the scow was caused by her being leaky and overloaded. The master of the scow contradicted this, and testified that it was caused by swells from a passing steamer, and by the scow's striking the ground when she first rolled towards the sloop: *Held,* that, in either event, the master of the scow was negligent, for he was chargeable with knowledge of the depth of the water and the liability of swells from passing steamboats; and if the accident arose from the shallowness of the water, it was a fault to moor the scow there.

In admiralty.

Beebe, Wilcox & Hobbs, for libellant.

Benedict, Taft & Benedict, for respondents.

BENEDICT, District Judge.   This action arises out of a singular occurrence, which took place at a bulkhead at the foot of 63d street, in New York City. On that day the scow proceeded against, which was being loaded with stone upon her deck at the foot of 65th street, sprang a leak, and was hauled from the foot of 65th street to the foot of 63d street, and there moored alongside of the sloop Nancy Anna. Shortly after she was made fast, she took a sudden lurch toward the bulkhead, and threw about twenty tons of the stone from her deck into the water between her and the sloop. She then took a still heavier lurch the other way, and rolled off on the outside of her all the remaining load, when, being thus suddenly relieved of a great weight, she rebounded with such violence as to throw her out of the water and upon the sloop alongside. The sloop's fore rigging kept the scow off forward, but aft she dropped upon the sloop so as to crush the sloop's rail and break her down aft for a considerable distance. This action is brought to recover for the damages thus occasioned to the sloop.

These facts are not disputed. Some others are in dispute, and among them the quantity of water in the scow when she came alongside the sloop, and also whether the lurch of the scow arose from swells caused by passing steamers. Without determining these questions, I find in the evidence of the master of the scow clear proofs that the accident arose from negligence on his part. For he says that what threw his vessel out of the water in such an extraordinary manner was because of her striking the bottom when she made the last lurch.

This statement, if taken to be correct, shows clear neglect, in that the scow was placed where she would strike the bottom. The master was not only chargeable with knowledge of the depth of water where he placed his vessel, but he had actual knowledge, for he lay in the same place the day before. He also says that he knew that waves caused by the Harlem boats often rolled in there, and that they had rolled upon him.

If, then, the accident is to be attributed to the shallowness of the water where the scow was moored, it was a fault to moor her there.

If, on the other hand, the scow rolled off her load because she was waterlogged, it was fault to place such a vessel alongside another vessel, where she could do such injury. Let a decree be entered for libellant, with an order of reference.

[NOTE. The commissioner reported the damages to be more than the value of the vessel at the time of the collision. This was accounted for by the fact that extensive repairs had been made. Upon a hearing on exceptions to the commissioner's report it was held that the repairs were imprudently made, and that the libelants could only recover for the value of their vessel at the time of the collision. The report of the commission was therefore overruled. Case No. 12,555.]