## THE KATHRYN B. GUINAN.

(Circuit Court of Appeals. Second Circuit. January 7, 1910.)

No. 123.

1. COLLISION (§ 70*)—VESSEL AT PIER—NECESSITY OF WATCHMAN.

It is not negligence to leave a scow in a slip in New York Harbor, tied up to a pier, without a watchman; there being no custom to keep one in such case.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 70.*]

2. COLLISION (§ 71*)—OVERTURNING OF VESSEL AT PIER—NEGLIGENCE.

A scow with a deck load of gravel, while lying in a slip in North River, became partially filled with water in the night, listed, dumped her load, and turned over, bouncing as she struck, so as to strike and injure another scow lying behind her. She was new and in good repair, and had lain there for four days, and there was sufficient depth of water in the slip. *Held*, that such facts did not disclose any negligence on the part of the owner which rendered her liable for the injury to the second vessel.

[Ed. Note.—For other cases, see Collision, Dec. Dig. § 71.*]

Appeal from the District Court of the United States for the Southern District of New York.

Suit in admiralty by the Hendricks Brick Company and others against the barge Kathryn B. Guinan; Daniel Guinan, claimant. Decree for respondent, and libelants appeal. Affirmed.

Alexander & Ash, for appellants.

James J. Macklin (De Lagnel Berier, of counsel), for appellee.

Before LACOMBE, WARD, and NOYES, Circuit Judges.

WARD, Circuit Judge. October 6, 1907, the scow Streeter with a deck load of brick was lying bow in on the south side of the pier at the foot of Fifty-Second street, North River, about 10 feet astern of the scow Guinan with a deck load of gravel, also lying bow in. The scows were about 100 feet in length and 32 feet in beam. At 7 a. m. the master of the Guinan was awakened by those on the boat ahead of him and he found 3 feet of water in her hold. Before anything could be done to relieve her she listed to port toward the pier and dumped part of her cargo, then listed to starboard and dumped the balance, and then, turning bottom up, jumped so as to land her starboard bow on the pier 4 feet above the water and her starboard quarter on the Streeter's starboard bow, causing her to sink. Such extraordinary behavior was hardly to be looked for, and yet something like it has occurred before, as may be seen from the cases of A Scow Without a Name, 7 Ben. 384, Fed. Cas. No. 12,554; and The On The Level (D. C.) 128 Fed. 511.

The libelants contend that the claimant of the Guinan is responsible because he left her without a watchman during the night, who might have discovered the leak and pumped the scow out. But the master was on board, though asleep. There is no evidence of any custom to keep watchmen on boats lying in the slips of New York Harbor, and

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

such a burden would be very onerous. Cases cited by the libelants like The On The Level (D. C.) 128 Fed. 511, The Lion, 1 Spr. 40, Fed. Cas. No. 2,786, and The Mary E. Cuff (D. C.) 84 Fed. 719, where vessels were left with no one on board in open waters and sometimes in the face of approaching storms, or like Campbell v. Pennsylvania, 85 Fed. 462, 29 C. C. A. 268, which turned upon the question whether a line which rendered had been properly made fast, are quite unlike the one under consideration. There is nothing really to support the libelants' charge of negligence, except the presumption arising from the accident itself. It will not be useful to enter into a discussion of the doctrine of res ipsa loquitur. Giving it full effect in this case, it only established a prima facie case in favor of the libelants which we think the claimants fully met.

The proofs showed that the Guinan had been lying in the same berth for four days; that she drew scant 8 feet where there was 16 feet at mean low water; that she capsized within two hours of high tide; that she was but two years old, needed to be pumped out but twice a day, was so pumped, and was kept in good condition. We think that the trial judge was right in holding that the presumption was fully rebutted.

Decree affirmed, with costs of this court.

NOTE.—The following is the opinion of Hough, District Judge, in the court below:

HOUGH, District Judge. This libel alleges "a cause of damage civil and maritime;" declares that the contact between the Streeter and the Guinan was a collision, and alleges that said collision arose because the Guinan was guilty of certain specified faults, which may all be disregarded, as being unproven, except the following: "Said barge (Guinan) was not in a sound and seaworthy condition, but, on the contrary, was defective and leaky." For purposes of argument it may be assumed that, when the Guinan moored in proximity to the Streeter, she was as matter of fact unseaworthy, in that she was then in such a condition of weakness as to be likely to develop an uncontrollable leak from slight and undiscoverable causes. But there is no evidence that this condition of the Guinan was either actually known to her master or owner, or that they or either of them had any reasonable cause to believe that such was the Guinan's condition; on the contrary, the evidence is full that from her construction, age, and occupation, and every other fact known to or reasonably discoverable by her owner, she ought to have been in sound, serviceable, and seaworthy condition.

The claim of libelant, therefore, rests upon the proposition that, since the unexplained sinking of a vessel in her berth raises a presumption of unseaworthiness (Dupont v. Vance, 19 How. 162, 15 L. Ed. 584), damage to any one caused by such sinking is caused by negligence, and therefore recoverable in an action such as this. This position necessarily implies that an actual condition of unseaworthiness, not reasonably to be expected and not discoverable by any inspection reasonably to be required, is either (1) a breach of the warranty of seaworthiness, or (2) in and of itself an act of negligence on the part of the owner. It may be assumed that unseaworthiness, however arising, and whether discoverable or not, is a breach of warranty; but no authority is produced to show that the shipowner warrants the seaworthiness of his vessel to the whole world, and not merely to those with whom he enters into some contractual relation. Such a doctrine seems to me irreconcilable with the plain meaning of the word "warranty."

The industry of counsel has produced no reported instance of so extraordinary an accident as this, and the case might well be disposed of by strictly observing the above outlined form of pleading. The cause is not alleged as one

of warranty. It is set forth as one of negligence; and, by familiar rules, he that alleges negligence must prove it as a fact. The only thing proven is that the Guinan sank unexpectedly, without reasonable explanation from undiscoverable causes. This raises presumption of unseaworthiness; but does it raise a presumption of negligence? I think it does, because the sinking of a vessel in calm weather, to the injury of third parties, is one of those unusual circumstances, from its nature unexplainable by third parties, to which the rule "res ipsa loquitur" applies. The reasoning of Rose v. Stephens, etc., Co. (C. C.) 11 Fed. 438 (respecting the explosion of a boiler), seems to me wholly applicable.

But the presumption so raised is rebuttable, and when it is shown, as it is here, that there was nothing about the Guinan tending to show her unseaworthiness discoverable by an owner exercising due diligence, the presumption is rebutted; and when it is further shown (as it is by witnesses on both sides) that despite every care in the construction of vessels, and despite the admitted fact that vessels of the Guinan's class are expected to last (when new) between four and five years without recaulking, such vessels do occasionally and unaccountably spring leaks and suddenly sink, this accident must be relegated to that small but real class.

The case has been stated without any reference to the argument that, assuming an act of negligence to have been proven, the injury is not such as could fairly be expected to flow therefrom. About this no opinion is expressed.

The libel is dismissed, without costs.