THE BRITANNIA.

(Circuit Court of Appeals, Second Circuit. May 10, 1918.)

No. 246.

1. TOWAGE ⬦19—FASTENING OF TOW—NEGLIGENCE.

A tug taking to a slip a barge, having no master or crew on board, was bound to fasten her in a seamanlike manner, and where it fastened her alongside libelant's barge in such a manner that, when the wind rose, the corner of the barge pounded against the side of libelant's barge, it was at fault.

2. TOWAGE ⬦19—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE.

Where a tug took a crewless barge into a slip and negligently fastened her to libelant's barge, as known to her captain, who understood the danger to his barge should the wind rise, and was able to go aboard the barge and properly fasten the lines, so as to prevent injury from its pounding, he was negligent in not doing so.

Appeal from the District Court of the United States for the Southern District of New York.

Libel by the Arthur Ackerman Lighterage Company against the steam tug Britannia, her engines, etc.; Edward M. Timmins, claimant. Decree for libelant, and the claimant appeals. Decree modified.

The tug took the barge Sea Beach to a slip at the Bush Docks, and there left her. The weather at the time was fair, the slip very crowded, and, as the Sea Beach had no one on board, the crew of the Britannia made her fast alongside libelant's barge Paulina in such a manner that (as alleged in libel) when the wind rose during the following night "the corner of the Sea Beach pounded against the side of the Paulina," inflicting damage, to recover for which this suit was brought.

The court below held the Britannia solely liable, because (1) the method of fastening the Sea Beach was negligent, and (2) that boat was left without a master in charge. Claimant appealed.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark, of New York City, of counsel), for appellant.

Macklin, Brown & Purdy, of New York City (William F. Purdy, of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

HOUGH, Circuit Judge. [1] It is urged that The Thos. Quigley, 130 Fed. 336, 64 C. C. A. 582, supports the holding below. If the owner of the Sea Beach were complaining of an injury traceable wholly or partly to the absence of the accustomed scow captain, the decision would apply. Here it makes no difference whether the crew

---

⬦For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of scow or tug arranged the fasts; the duty of adjusting them in a seamanlike manner was the same, and fell upon whoever performed the work—in this instance, the Britannia.

The fault alleged is that, instead of laying the Sea Beach smoothly or evenly alongside the Paulina, she was so disposed that her square corner ground into the latter's side as soon as, with the rising wind, the slip full of boats began to "churn." On very conflicting evidence the trial judge held that this plainly faulty arrangement existed, and was the doing of the Britannia. We are not disposed to differ from such a finding of fact; therefore the tug was at fault.

[2] But this initial negligence produced a situation about which there was nothing mysterious; it was patently wrong to the eye of any boatman, including the Paulina's captain, who admittedly saw what was done, disapproved of it, and understood the danger to which his boat was thereby subjected. Further it was entirely within his strength, power, and skill to correct the whole matter by going aboard the Sea Beach and hauling her straight and refastening her lines. The testimony of this man substantially admits that he did nothing of the sort, because he thought it no part of his duty to go on another man's boat.

This is carrying modesty too far; it was his duty to protect his own boat, and nothing prevented his performance of such duty. Certainly the crewless Sea Beach offered no impediment. This was a failure of duty, which is negligence.

Decree modified, so as to award half damages to libelant. Costs below divided; appellant to recover costs in this court.

4. PATENTS ⬯328—STORAGE BATTERY REGULATOR—INFRINGEMENT.
   Leonard patent, No. 1,122,774, for regulator to prevent overcharge of storage battery, held not infringed.

5. PATENTS ⬯328—STORAGE BATTERY REGULATOR—INFRINGEMENT.
   Leonard patent, No. 1,157,011, for regulator to prevent overcharge of storage battery, held not infringed.

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes