### PENNSYLVANIA R. CO. v. JAMES McWILLIAMS TOWING LINE.

(Circuit Court of Appeals, Second Circuit. December 14, 1921.)

No. 64.

1. **Collision ⬳68—Rule of liability of drifting boat for damage stated.**

A vessel drifting from her moorings is liable for damages consequent thereon, unless she can affirmatively show that the drifting was the result of an inevitable accident or vis major, which human skill and precaution and the proper display of nautical skill could not have prevented.

2. **Collision ⬳115—Tug's owner liable, where moored barges went adrift because additional boat hung on flotilla.**

It was the duty of a tug master, when another boat was added to a flotilla of moored barges, to see that the lines were sufficient to hold the whole flotilla, and where the barges broke away and drifted against libelant's barges, because another boat was hung up outside the flotilla, the tug's owner was liable.

Appeal from the District Court of the United States for the Southern District of New York.

Libel filed by the Pennsylvania Railroad Company against the James McWilliams Towing Line. Decree for libelant. Respondent appeals. Affirmed.

Herbert Green, of New York City, for appellant.

Burlingham, Veeder, Masten & Fearey, of New York City (Chauncey I. Clark and Charles E. Wythe, both of New York City, of counsel), for appellee.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. This suit is in personam to recover damages sustained by the appellee's barges P. R. R. No. 428 and P. R. R. No. 217, resulting from a collision with appellant's barge Blue Girl in the East River on December 15, 1916. The barge No. 217 was moored, bow in, alongside the pier at the foot of Corlear street, East River. The No. 428 was moored outside of the No. 217. Both projected into the

river. They were of the same length. On this day, the wind was light to moderate, with snow falling, and the tide was ebb. In the afternoon, about 1 o'clock, the Blue Girl was with some other boats drifting down the East River, and the Blue Girl collided with the No. 217, and in turn set her adrift, causing the damage. At the time of the collision, the appellant's tug, the James McWilliams, with another tug, was working around the drifting flotilla. Previous thereto, the Blue Girl and other boats were moored in one flotilla on the south side of an old pier at Newtown creek. The James McWilliams arrived at Newtown creek, having in tow a canal boat with a cargo of about 300 tons, with which she hung up to the flotilla already moored there. She then went further up the creek for the purpose of picking up other boats to make up a new tow. About half an hour after hanging up the canal boat, the McWilliams noticed that the flotilla had gone adrift. It followed the drifting flotilla, and, assisted by the tug Bully, endeavored to get the boats under control, but before succeeding, the Blue Girl collided as aforementioned. The pier where the flotilla was moored was old and dilapidated. It was after the loaded canal boat was hung to the flotilla by the McWilliams that the lines on one of the barges, the Blue Mountain, which was moored next to the pier, gave way and caused the drift. It was found that the lines of the Blue Mountain were intact after it had broken adrift.

While the Blue Girl was not owned by the corporation sued herein, she was owned by the owner of the tug McWilliams, and it appears in point of fact that the same individuals are interested and shareholders of each company, and upon the trial counsel stipulated that whatever responsibility rested upon the Blue Girl as a drifting boat would be assumed by the appellant. This concession eliminates the question of responsibility and places the same upon the appellant.

[1, 2] A vessel drifting from her moorings is held liable for damages consequent thereon, unless she can affirmatively show that the drifting was the result of inevitable accident or vis major, which human skill and precaution and the proper display of nautical skill could not have prevented. The Louisiana, 3 Wall. (70 U. S.) 164, 18 L. Ed. 85; Wm. Guinan Howard, 252 Fed. 85, 164 C. C. A. 197; Bradley v. Sullivan, 209 Fed. 833, 126 C. C. A. 557. The James McWilliams was owned by the appellant and it was this tug that hung up the canal boat outside of the flotilla moored at this old pier at Newtown creek, just before the flotilla broke away. If it was this that caused the drifting, the appellant is liable. The May McGuirl, 256 Fed. 20, 167 C. C. A. 292. It was the duty of the tug master to look after the lines when additional weight was put on the moored tow. The drifting of the flotilla under the circumstances presumptively established neglect on the part of the appellant, and we think the evidence offered in behalf of the appellant does not overcome this presumption of negligence. The colliding vessel, the Blue Girl, has not shown affirmatively that the drifting was the result of inevitable accident or vis major. It was the duty of the tug master, as each barge or flotilla of barges was made fast, to see that they were sufficiently made fast to hold the whole flotilla, and, when another boat was added, it was the duty of the tug

master to see that the fastenings were sufficient to hold the then complete flotilla. The breaking away at the time in question was due to the hanging up of the additional boat to the flotilla by the tug James McWilliams, and we think that the libel sufficiently charges the McWilliams with having set the flotilla adrift.

The decree is affirmed.