## THE EDEL.

### THE DUNHAM WHEELER.

(District Court, S. D. New York. June 20, 1923.)

Master and servant ⊚⟹302(1)—Pier owner held not liable for casting loose of moored vessel.

A pier owner *held* not liable for a collision resulting from the casting off of the lines of a car float moored to its pier, which was done by direction of some unidentified person in its employ, but whose action was not shown to have been within the scope of his authority.

In Admiralty. Suit by J. Hermansen, as bailee and master of the Norwegian bark Edel, against the schooner Dunham Wheeler. Libel dismissed.

Haight, Sandford & Smith, of New York City, for libelant.

MacFarland, Taylor & Costello, Foley & Martin, Bigham, Englar & Jones, Macklin, Brown, Purdy & Van Wyck, and George W. McKenzie, all of New York City, for respondent.

LEARNED HAND, District Judge. The case as now presented shows that the Murray did not cast off the lines of the car float, but sent up her deck hand, who went to an office on the Crane Company's pier and there got a man, who came down and threw off the lines at one end of the float. This man naturally cannot be identified. Bahr, the Crane Company master in charge of boat movements, denies that it was he or any one under him.

The story may be untrue, but I do not see how I can hold the Murray in the face of it. Both these witnesses seemed honest, and each was no longer in the Murray's employ. I must admit that I have a good deal of doubt whether the deck hand did not do the thing himself. Still there is no one who saw him, and no inherent improbability that the Murray's master should have sent him up to get some one in authority, instead of undertaking himself to disturb the fasts which held the boats where they were.

If so, I cannot charge the Murray. The float was in the care of the Crane Company, and it was scarcely the Murray's duty to supervise the way in which their duty was discharged. If they went to one apparently in authority and left the matter in his hands, I cannot see that they were responsible for anything more. So I must dismiss as to the Murray.

The new proof makes a difficult situation as respects the Crane Com-

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

pany. Had any damage happened to the float, I should have no doubt that the company would be liable. It was a bailee, owing a positive duty of care, and that duty it could not shift by showing that some unauthorized employee had cast off the float. The answer would be at once made that the duty included supervision over the bailee's servants, so that only those who were fitted to act with caution should meddle in the business. Part of their care should have been not to let the members of their staff get mixed in their relative duties.

But this is not such a case. Here the libelant sues for a trespass to its ship, and, though the chain of causation is long and somewhat complicated, the eventual actor who is responsible was the man who threw off the lines. Since the result was not so remote as to be beyond reasonable expectation, he is chargeable with the final consequences. The case is not one of negligence at all, but of a tort committed through a set of intervening causes. The case depends upon whether not only this actor was responsible (which no one questions), but whether his employer is also liable on principles of agency, and of agency alone.

Now, the only proof is that Bahr was in sole charge of the movements of all vessels, and that neither he nor any of his assistants had anything to do with this. Assuming this to be true, it was done at the direction of some one who was in charge at the office on the pier. I care not who the actual person was who threw off the lines; the critical question is who deputed him to go and clear the space for the Murray to go in. All we know of this man is that he was in the office and assumed to give directions. That, it appears to me, is not enough to charge the Crane Company. There is no inherent probability, arising from the mere fact that an employee assumed a duty on a single occasion, that it was in fact within the scope of his authority. That must, of course, be proved by some evidence showing that the putative principal constituted him his agent, with a scope of authority which could include such acts as are in question. Schutz v. Jordan, 141 U. S. 213, 218, 11 Sup. Ct. 906, 35 L. Ed. 705. And the libelant has the burden of proof on this question.

Therefore I cannot hold the Crane Company on this proof any more than before. They have made all the proof that they could, and the libelant has done all that he could. The fault appears to have been that of a man in the Crane Company's employ; but, since that fact is alone not enough, the libel must fail.

Libel dismissed, but without costs.