## THE BEEKO.

### THE MAY.

(District Court, E. D. New York. December 16, 1925.)

**1. Collision ⊜123.**

Libelant, to recover damages from collision, must show fault of claimant of libeled craft.

**2. Collision ⊜77—Owner held not negligent in leaving vessel without watchman.**

Where vessel, colliding with another, had been lying securely fast in proper manner alongside float in front of dock, and was cast loose by trespassing boys, *held*, owner, without notice of any danger in leaving vessel without watchman, was not chargeable with negligence.

In Admiralty. Libel by Charles N. Beekman, owner of the yacht Beeko, against the power boat May. Decree for respondent, dismissing libel.

Macklin, Brown & Van Wyck, of New York City, for libelant.

Cutting, Phillips & Hall, of New York City, for claimant.

CAMPBELL, District Judge. This is a suit in admiralty, brought by the libelant, in rem, to recover against the power boat May, O. C. Thompson, claimant, the damages alleged to have been caused to the yacht Beeko, owned by the libelant, by the power boat May coming into collision with said yacht Beeko.

The undisputed testimony given on the trial of this suit shows that, prior to the said power boat coming into contact with the said yacht, both vessels were securely made fast in a proper manner, the power boat May alongside the landing float in front of a dock, and the Beeko alongside another which lay alongside of a dock, all at the Marine Basin, Brooklyn, N. Y., where both the boat and yacht were legally entitled to be.

The owner of the power boat May had a shop in said yard, and while he had seen boys around the yard picking up wood, he had never seen or heard of the boys inter-

fering with the boats in said Basin. The owner of the May went up to the post office to attend to some business.

The yard of the Marine Basin was surrounded by a fence, and entrance to said yard was obtained through a gate, at which a watchman was then and customarily stationed. While the owner was out of the yard, some boys let go the lines by which the May was made fast to the float, and allowed her to swing around and come into contact with the Beeko, causing the damage of which complaint is made in this suit.

The boys who let go the lines of the May were not in the employ of the claimant, nor in the employ of the Marine Basin, and did not have any right, authority, or permission from the claimant to go upon the said boat May, or to let go or in any manner interfere with the lines by which the said May was made fast to said float, and in letting go said lines and boarding said boat they were trespassers.

[1, 2] The question presented in this suit on the undisputed evidence is therefore a question of law and not of fact. The libelant's yacht suffered injuries when the claimant's power boat May came into contact with her; but the libelant, in order to recover, must show the fault of the claimant now before this court.

This has not been done, because there was no evidence offered to show that the claimant was put upon notice that there was any danger in leaving the May properly tied up at a dock, where she had a perfect right to be, without a watchman, and therefore there was no negligence in leaving the boat properly tied up without a watchman. The Kathryn B. Guinan, 176 F. 301, 99 C. C. A. 639.

The letting go of the lines was not the act of any one in the employ of the claimant, or of the Marine Basin, nor was it the act of any person who had any right, authority, or permission from the claimant to interfere with or let go the lines by which said boat was made fast, nor even to board said boat, but was the unauthorized and illegal act of trespassers, and therefore there cannot be spelled out any negligence on the part of the claimant, nor can the boat May be made liable for the injuries caused by the acts of such trespassers. Hermansen v. Schooner Dunham Wheeler (U. S. D. C. S. D. of N. Y., Admiralty 65–427) 300 F. 731, opinion of Circuit Judge Hand, then a District Judge, filed June 20, 1923; Red Star Towing and Transportation Company v. Steam Tug Mahoney et al., U. S. D. C. S. D. of N. Y., unreported oral opinion of Circuit Judge Hough, rendered May 1, 1918; The No. C–4, 300 F. 757, affirmed by the Circuit Court of Appeals, Second Circuit, 300 F. 761.

This is the law of this circuit, and therefore it seems unnecessary to consider at length the cases cited by the libelant, where there was compulsory pilotage, or which arose under the piracy statutes, as they can be easily distinguished.

A decree may be entered in favor of the claimant against the libelant, dismissing the libel, but without costs.