## THE RUSSELL NO. 3. THE ATLANTIC 54. THE SAILOR JACK.

(District Court, E. D. of New York. May 17, 1926.)

No. 8602.

1. Collision ⊕115—That lines holding boat to which tug ran a line in maneuvering grain elevator could not stand strain and parted held to impose no liability on such boat for resulting damage done by grain elevator while drifting within wind.

Where steam tug, attempting to maneuver grain elevator to alongside steamer, ran line to boat tied alongside barge on opposite side of slip, so as to use her as a fulcrum around which to shift and warp grain elevator, fact that lines of boat holding it to barge would not stand the added strain and parted, permitting elevator to be carried across slip by the wind, to the damage of the steamer's propeller with which it collided, imposed no liability on boat so used.

2. Collision ⊕115—Boat held not entitled to cut, without notice, line which she permitted tug to run to her in maneuvering grain elevator, though she was not liable for acts of third persons throwing off lines holding her, permitting her to drift.

Where boat, made fast alongside barge, which in turn was made fast to steamer, without objection permitted tug to run a line to her to aid in maneuvering grain elevator, she had no right, without notice, to cut the line so made fast on her, on theory that tug was a trespasser, but was not liable for acts of third persons in throwing off lines from barge to her or from steamer to barge.

3. Admiralty ⊕59.

Strictness of pleading required at common law is not required in admiralty.

4. Collision ⊕119—Petition of libeled tug, impleading boat to which she ran a line in maneuvering grain elevator and barge to which boat was made fast, alleging "that some one threw off or slacked their lines," causing damage, held insufficient (admiralty rule 56).

Petition of libeled steam tug, impleading under admiralty rule 56 boat to which it ran a line to aid in maneuvering grain elevator and barge to which boat was made fast, alleging "that some one threw off or slacked their lines," causing grain elevator to be carried by wind across slip and inflict damage, held subject to exception, since boat was liable only if its lines were thrown off without warning by its captain or by his orders or with his consent, not for acts of third persons.

In Admiralty. Libel by the Navigazione Libera Triestina Societa in Azioni against the steam tug Russell No. 3, which impleaded the boats Atlantic 54 and Sailor Jack. On exceptions of the boat Sailor Jack to the petition impleading it. Exceptions sustained, and petition dismissed.

Loomis & Ruebush, of New York City, for libelant.

Alexander & Ash, of New York City, for steam tug Russell.

Leo J. Curren, of New York City, for claimant of Sailor Jack.

CAMPBELL, District Judge. This is a motion to overrule the exceptions filed herein by the boat Sailor Jack to the petition filed by the steam tug Russell No. 3 to implead the Sailor Jack under the Fifty-Sixth rule in admiralty.

The Sailor Jack contends that the facts averred in the petition are insufficient to constitute a cause of action against her.

The facts as alleged, briefly, are that the Sailor Jack lay outside of the barge Atlantic 54, which lay alongside and was made fast to the starboard quarter of the steamer Chickasaw, which lay bow in with her portside to the pier.

The Russell No. 3 brought in the grain elevator Oswego, and, in attempting to maneuver the Oswego so that she could be placed alongside the Isonzo II, a steamer that lay alongside the pier on the opposite side of the slip, ran a line to the Sailor Jack so as to use her as a fulcrum around which to shift and warp the Oswego.

The petition alleges:

"Instead of the Sailor Jack and the barge Atlantic 54 holding their positions alongside of the steamer Chickasaw, they shifted away therefrom, either by the fact that some one threw off or slacked their lines, or that the lines were improperly made fast or parted, as the result of which the grain elevator was carried by the then strong wind across the slip."

The Oswego came into contact with the propeller blade of the Isonzo II and damaged the same.

[1] If the lines of the Sailor Jack were unable to stand the added strain of the Oswego, that would have imposed no liability on the Sailor Jack, as it was the duty of the Russell No. 3 to have ascertained whether the lines were sufficient when she ran the line from the Oswego to the Sailor Jack. McWilliams Bros. v. Davis (C. C. A.) 285 F. 312, 315; Pennsylvania R. Co. v. James McWilliams Towing Line (C. C. A.) 277 F. 798.

In any event the Sailor Jack cannot be held liable for any act of the Atlantic 54.

[2] I do not hold with the proctor for the Sailor Jack that the Oswego was a trespasser and that the Sailor Jack had the right, without notice, to cut the line which was made fast on her, but that the line having been made fast to her without objection on her part, the

Oswego became a mere licensee and the Sailor Jack was not liable to the Oswego or Isonzo II for the act of third persons in throwing off the lines from the Atlantic 54 to the Chickasaw, or from the Sailor Jack to the Atlantic 54 or the Chickasaw. Carfloat C–4 (D. C.) 300 F. 757, 1924 A. M. C. 244, affirmed (C. C. A.) 300 F. 761; The Beeko (The May) (D. C.) 10 F.(2d) 884, 1926 A. M. C. 164.

The Oswego being a licensee, the Sailor Jack would not have the right, without warning the Oswego of her purpose, to cast off her own lines and shift away from the steamer Chickasaw, carrying the Oswego across the slip, but she could only be held liable for the act of her captain or some one acting under his orders or with his consent.

[3, 4] While I realize that the same strictness in pleading is not required in admiralty as at common law (The West Keats, 1924 A. M. C. 104), yet it does not seem to me that, where liability can be found as to the Sailor Jack only by showing that she was allowed to shift out without warning to the Oswego, by the act of her captain or some one acting under his orders or with his consent, and could under no condition be liable for the unauthorized acts of third persons, a good cause of action is not alleged when in the fifth allegation of the petition it is alleged, "that some one threw off or slacked their lines," because, in order to allege a good cause of action, it should be alleged that the line was thrown off by the captain of the Sailor Jack, or by his orders or with his consent, without warning to the Oswego.

The motion to overrule the exceptions is denied, the exceptions are sustained, and the petition dismissed, without costs.