## THE NO. 302.

### THE HERBERT S. KELLER.

District Court, S. D. New York. March 28, 1927.

1. **Towage** ⬉11(10)—**Tug held at fault in fastening barge to flotilla, which swung around, bringing barge into contact with pier, when lines fastening inner barge to next pier parted.**

Steam tug *held* at fault in fastening barge to outer barge of flotilla, which swung around, bringing former barge into contact with pier, when lines fastening inner barge to next pier parted as result of ice floes, caused by strong wind and ebb tide, forming against barge so placed; nothing indicating that ice or weather conditions were exceptional.

2. **Towage** ⬉11(10)—**Tug, placing barge with flotilla off pier assumed risk of injury from ordinary conditions and dangers.**

Tug, placing barge with flotilla off pier, assumed obligation, and accepted risk of injury to barge from ordinary conditions and dangers reasonably to be anticipated.

In Admiralty. Libel by the Erie Railroad Company, as owner of the barge No. 302, against the steam tug Herbert S. Keller, her engines, etc. Decree for libelant.

Park, Mattison & Lynch and Anthony V. Lynch, Jr., all of New York City, for libelant.

Alexander & Ash, of New York City, for claimant.

GODDARD, District Judge. Around noon on February 16, 1924, the barge No. 302 finished discharging her cargo on board the steamship Drottningholmn, which was in her berth on the north side of pier 97 in the North river. So that another barge might be brought alongside the steamer, the tug Herbert S. Keller moved the No. 302 to pier 98, and made her fast to the outer barge of a flotilla of four made fast at end of pier. The barge nearest the pier was made fast by lines running from her bow to the pier, and with lines running from her stern to the pier.

Some two hours after the tug had left the barge in this position, the up-river lines running between the inner barge and the pier parted, permitting the flotilla to swing around on their down-river lines, and the No. 302 came in contact with the north cover of pier 97.

[1] It appears from the record that there was broken ice in the river, as is quite usual at that time of the year, and that there was a strong northwest wind blowing, and that this wind, combined with the ebb tide then running, caused the floating ice to form floes on the easterly side of the river, and

that, when the ice floes formed against the northerly side of the No. 302, the up-river lines running from the inner barge to the pier parted. There is nothing to indicate that the ice or weather conditions were exceptional or were other than to be expected at the time the tug left the barge. The parting of the lines under these circumstances indicates fault on the part of the tug in placing barge No. 302 in the position that she was in, for no strain was placed upon the lines, except such as was to be reasonably anticipated. The parting of the lines was not shown to have been caused by unexpectedly violent weather or unusual ice conditions, nor has the parting of the lines been otherwise explained. While there was testimony that the lines which parted were good lines, and were properly made fast, it was not convincing. The captain of the Keller did not examine them, nor did any member of his crew. The result shows that they were not sufficient to withstand the added strain. [2] Therefore it seems clear that the Keller must be held responsible for placing the No. 302 in this position which resulted in her being injured, for, when the Keller moved the barge away from the Drottningholmn so as to permit another barge to be brought alongside of the steamer and discharge her cargo, and placed the No. 302 with the flotilla of barges off pier 98, she assumed the obligation, and accepted the risk of injury to the barge from ordinary conditions and dangers reasonably to be anticipated. The William Guinan Howard (C. C. A.) 252 F. 85; Pennsylvania R. Co. v. James McWilliams Towing Line (C. C. A.) 277 F. 798; The Mary Ethel (D. C.) 290 F. 458, affirmed (C. C. A.) 5 F.(2d) 1013.

The facts relating to the injury to the No. 302 are to be distinguished from the facts in cases where the tug is relieved from liability because the injuries were the result of some extraordinary danger, condition, or like cause.

Accordingly, the owner of the barge, the libelant, is entitled to a decree against the tug Herbert S. Keller, with the usual reference.