## THE CONWAY NO. 23.

### CONWAY BROS., Inc., v. NEW YORK CENT. R. CO.

#### No. 326.

Circuit Court of Appeals, Second Circuit.
April 3, 1933.

Jacob Aronson, of New York City (K. O. Mott-Smith, of New York City, of counsel), for appellant.

Macklin, Brown, Lenahan & Speer, of New York City (Horace L. Cheyney, of New York City, of counsel), for libelant.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

On July 23, 1928, the Conway No. 23, empty, was moved from Pier 3, Bush Docks, by appellant's tug, and made fast at Pier 12, East River. She was moved in the late afternoon after a call by appellee's captain to appellant reporting the lighter empty. The vessel was under an oral charter, but written notice was sent by the appellant to the appellee and accepted, reading: "This Company does not agree to return chartered boat in the same condition as when received, ordinary wear and tear excepted, and will not be liable for damage to the boat while under charter unless same is caused by the negligence of the Company, its agents or employees, which negligence, however, is not to be presumed from the fact that the boat is returned in a condition other than that in which it was received or that it is damaged while under charter to this Company."

The morning after her mooring at the end of the pier an examination disclosed that several planks were broken on her port side amidships. The captain was not on board when she was towed. The evidence warrants the claim of the appellant that, when she was towed and tied up, at 2 a. m., with her starboard in, outside another barge, at the end of Pier 12, the slips on both sides of the pier were congested with boats. At that time she was not damaged on her port side.

Liability was imposed against the appellant because it towed the lighter without a man on board, which required unusual care to see to it that no damage was incurred by the lighter due to the absence of her custodian. and because leaving her at the end of the pier was negligent. There was no evidence that the lighter was damaged by other craft in attempting to enter or come out of the slips. Indeed, there is no evidence to show what caused the breaking of the planks. The absence of the lighter captain was due to no fault of the appellant. He telephoned that his boat was ready for towage and then absented himself, for his own purposes, for three and a half hours. The charter did not prohibit the appellant from towing in the absence of the captain. If damage occurred, due to a risk arising because of the absence of the captain, a different situation would be presented. The Youngstown, 40 F.(2d) 420 (C. C. A. 2); The Britannia, 252 F. 583 (C. C. A. 2); The Thomas Quigley, 130 F. 336 (C. C. A. 2); The On-The-Level (D. C.) 128 F. 511. The absence of the captain must be a factor contributing or causing the damage to the lighter. There is no evidence of fault, such as fog, storm, grounding, or faulty arrangement of lines, which might support the conclusion that, if the captain were on board, he might have prevented the damage which occurred. Kathryn B. Guinan, 176 F. 301 (C. C. A. 2). Nor may liability be predicated upon an alleged duty requiring the tug, finding the slips congested, to return and to shift the lighter back to the slip to which it was consigned. It is the custom of the port to place harbor craft at the end of the pier to

which they are consigned if the adjacent slips are full. The Rhein, 204 F. 252 (C. C. A. 2); The Dean Richmond, 107 F. 1001 (C. C. A. 2).

No evidence of negligence may be presumed because of the alleged violation of the New York pier statute, Greater New York Charter, § 879. The violation of this section is at most prima facie evidence of negligence and becomes such evidence only where the collision of the vessel at the end of the pier was due to some other vessel when entering or leaving an adjacent slip. But here there was no evidence to show that the damage was due to a vessel entering or leaving an adjacent slip and nothing to cause the application of the statute. The cause of the damage is unexplained, and, in view of the provisions of hire as stated above, no presumption can arise from the return of the vessel in damaged condition.

Decree reversed.